## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Joseph Binetti,<br><br>            Plaintiff,<br><br>v.<br><br>Valentine & Kebartas, Inc.,<br><br>            Defendant. | Civil Action No.: _____ |

### COMPLAINT

Plaintiff, Joseph Binetti, says by way of Complaint against Defendant, Valentine & Kebartas Inc., as follows:

### JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by Defendant and its agents in their illegal efforts to collect a consumer debt.

2. The Court has supplemental jurisdiction over all other claims in this action, as all such claims arise out of the same case or controversy as Defendant's violation of the FDCPA pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the U.S. District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391(b), as that Defendant transacts business in the State of New Jersey.

### PARTIES

4. Plaintiff, Joseph Binetti (hereafter "Mr. Binetti"), is an adult individual residing in Little Falls, New Jersey, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Valentine & Kebartas, Inc. (hereafter "Defendant"), is a New Jersey business entity with an address of 15 Union Street, Lawrence, Massachusetts, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. The names of the individual collectors are unknown but they will be added by amendment when determined through discovery.

## FACTUAL ALLEGATIONS

7. A financial obligation was incurred that was primarily for family, personal or household purposes, which was a "debt" as defined by 15 U.S.C. § 1692a(5).

8. Thereafter, the debt was purchased, assigned or transferred to Defendant for collection from Mr. Binetti.

9. Defendant then made numerous attempts to collect the debt from Mr. Binetti, each of which was a "communication" as defined by 15 U.S.C. § 1692a(2).

10. Defendant telephoned Mr. Binetti up to fifteen times a week, merely to annoy and harass him.

11. Defendant threatened to ruin Mr. Binetti's credit rating.

12. Defendant threatened to sue Mr. Binetti, but has not initiated any legal proceeding.

13. Defendant threatened to repossess Mr. Binetti's property.

14. Defendant used rude and abusive language when speaking with Mr. Binetti.

15. Mr. Binetti has suffered actual damages including, but not limited to, humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, and unjustified and abusive invasions of personal privacy as a result of Defendant's illegal collection communications enumerated above.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692, et seq.

16. Mr. Binetti incorporates by reference all of the allegations set forth above as if fully set forth herein.

17. Defendant used profane and abusive language when speaking with Mr. Binetti, in violation of 15 U.S.C. § 1692d(2).

18. Defendant caused a phone to ring repeatedly and engaged Mr. Binetti in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

19. Defendant threatened to take legal action, without actually intending to do so, in violation of 15 U.S.C. § 1692e(5).

20. Defendant threatened to communicate false credit information, in violation of 15 U.S.C. § 1692e(8).

21. Defendant employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

22. Defendant threatened to unlawfully repossess or disable Mr. Binetti's property, in violation of 15 U.S.C. § 1692f(6).

23. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

24. Mr. Binetti is entitled to damages as a result of Defendant's violations.

## COUNT II

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

25.    Mr. Binetti incorporates by reference all of the allegations set forth above as if fully set forth herein.

26.    The Restatement of Torts, Second, § 652(b) ascribes liability for intrusion upon seclusion where one individual, "intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns," and further states that "[said individual] is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

27.    New Jersey further recognizes Mr. Binetti's right to be free from invasions of privacy. Thus, Defendant violated New Jersey state law.

28.    Defendant's telephone calls to Mr. Binetti were so persistent and repeated with such frequency as to be considered, "hounding [Mr. Binetti]," and "a substantial burden to his existence," amounting to an invasion of privacy as defined by the Restatement of Torts, Second, § 652(b).

29.    Defendant's conduct of engaging in the foregoing illegal collection activities resulted in multiple invasions of privacy that would be considered highly offensive to a reasonable person.

30.    As a result of the intrusions and invasions enumerated above, Mr. Binetti is entitled to actual damages from Defendant in an amount to be determined at trial.

31.    All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Mr. Binetti is entitled to punitive damages from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Mr. Binetti prays that judgment be entered against Defendant awarding him:

1. Actual damages including, but not limited to, the emotional distress she has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Liquidated damages;

5. Punitive damages; and

6. Such other and further relief that the Court may deem just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: February 16, 2010

        Respectfully submitted,
        By: /s/Jennifer Kurtz
        Jennifer Kurtz
        NJ Bar No. 03658
        Lemberg & Associates LLC
        1100 Summer Street
        Stamford, CT 06905
        Phone: (203) 653-2250